899 F.2d 1221
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bernice W. AHRENDT, et al,; Dwight D. Brannon; Colleen K.
Brannon, Plaintiffs-Appellees,
v.
PALMETTO FEDERAL SAVINGS & LOAN ASSOCIATION; The Harris
Brady Corporation, et al.; Defendants-Appellants.
 Nos. 89-4063 to 89-4065.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1990.
 S.D.Ohio
 
 1
 DISMISSED.
 
 
 2
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges and FEIKENS, Senior District Judge*
 
 ORDER
 
 3
 Defendants appeal the October 16, 1989, district court order enjoining state court proceedings (Case No. 89-4063). Plaintiffs, by separate counsel, appeal an order entered October 18, 1989 journalizing prior interlocutory orders and verdicts and certifying them for immediate appeal (Cases No. 89-4064 and 89-4065). Defendants now move to dismiss plaintiffs' appeals for lack of jurisdiction. Plaintiffs have responded.
 
 
 4
 On October 16, 1989, the district court issued an order enjoining further proceedings in a parallel action being litigated in a Florida State court. The district court granted the injunction in the belief that continuation of the Florida State court proceedings would jeopardize its own rulings, opinions and jury verdicts rendered to date. By order entered October 18, 1989, the district court journalized prior findings, rulings, opinions, and verdicts and certified them pursuant to Rule 54(b), Fed.R.Civ.P.
 
 
 5
 On October 30 and November 1, 1989, the plaintiffs filed timely cumulative and alternative motions under Rules 52(b), 59(c) and 59(e), Fed.R.App.P., for judgment N.O.V., new trial, and to alter or amend the judgment. These motions tolled the time for filing a notice of appeal under Rule 4(a)(4), Fed.R.App.P. While these motions were still pending, the defendants on November 13, 1989, filed a notice of appeal for review of the October 16, 1989 order and plaintiffs on November 17, 1989 filed notices of appeal for review of the October 18, 1989 order.
 
 
 6
 Defendants now move to dismiss plaintiffs' appeals as premature. Under Rule 4(a)(4), a notice of appeal filed before the disposition of tolling motions is of no effect and a new notice of appeal must be filed. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam). Plaintiffs' notices of appeal filed before disposition of the tolling motions imparted no jurisdiction to this Court.
 
 
 7
 In response, plaintiffs concede their appeals are premature but argue they should be retained by this Court under either Rule 2, Fed.R.App.P., or the collateral order exception to finality. They therefore move for the dismissal of defendants' motion to dismiss. In the alternative, they suggest the defendants appeal in Case No. 89-4063, be held in abeyance or briefing therein deferred until new appeals can be perfected.
 
 
 8
 Plaintiffs' arguments are unpersuasive. It is well-settled that the requirement of a timely and valid notice of appeal is "mandatory and jurisdictional". Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 264 (1978). We perceive no reason to permit an exception to this strict requirement under the circumstances of this case.
 
 
 9
 It is therefore ORDERED that defendants' motion to dismiss Cases Nos. 89-4064 and 89-4065 is granted. The plaintiffs' motion to dismiss the above motion and their suggestion to hold Case No. 89-4063 in abeyance are denied. The Clerk shall enter a briefing schedule for Case No. 89-4063.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation